**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALLIED WORLD SPECIALTY INSURANCE COMPANY, f/k/a Darwin Select Insurance Company, | ) ) ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF FERGUSON, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allied World Specialty Insurance Company, formerly known as Darwin Select Insurance Company ("Allied World"), by and through its attorney of record, seeks declaratory relief pursuant to 28 U.S.C. § 2201, and further states and alleges:

**NATURE OF THE DISPUTE**

1.      This is an insurance coverage dispute.  Allied World seeks a declaration that it has no duty to defend or to indemnify the City of Ferguson (the "City"), under a public officials liability insurance policy (the "Policy") issued to the City by Allied World, with respect to a lawsuit brought against the City captioned *Carter et al. v. City of Ferguson*, Case No. 14SL-CC04195, now pending in the Missouri Circuit Court for St. Louis County (the "Fee Refund Lawsuit").

2.      Plaintiffs in the Fee Refund Lawsuit seek to recoup from the City certain fees that were charged by the City, allegedly in violation of Missouri statutory law and plaintiffs' rights under the Missouri Constitution.

3.     Allied World agreed to defend, and continues to defend, the City in the Fee Refund Lawsuit, subject to a full and complete reservation of Allied World's rights pursuant to the terms and conditions of the Policy.

4.     Allied World conveyed its positions regarding coverage to the City via letters dated January 20, 2015, May 23, 2016, December 15, 2017, and February 23, 2018.

5.     The City conveyed its disagreement with certain of Allied World's positions regarding coverage by letters dated November 29, 2017 and December 28, 2017.

6.     The City has made demand upon Allied World to pay the limits of the Policy in settlement of the claims asserted in the Fee Refund Lawsuit.

7.     An actual, present, and bona fide controversy exists between Allied World and the City with respect to whether or to what extent there is insurance coverage for the Fee Refund Lawsuit under the Policy.

8.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Allied World Policy.

## **PARTIES**

9.     Plaintiff Allied World is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York, New York.  Allied World is, therefore, a citizen of the states of Delaware and New York, pursuant to 28 U.S.C. § 1332(c)(1).

10.     Defendant City of Ferguson is a municipal corporation located in St. Louis County, Missouri.  City of Ferguson is, therefore, a citizen of the State of Missouri.

11.     Complete diversity of citizenship exists between the parties, pursuant to 28 U.S.C. § 1332(a).

## JURISDICTION AND VENUE

12.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as Allied World seeks a declaration of the parties' rights and obligations under the Allied World Policy.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

## THE FEE REFUND LAWSUIT

15.    The original named plaintiff in the underlying action, Darrick Reed, filed the Fee Refund Lawsuit against the City on or about December 8, 2014.

16.    On March 23, 2015, new lead plaintiffs Roelif Carter and Rosalyn Carter (collectively, the "Underlying Plaintiffs") filed a First Amended Class Action Petition in the Fee Refund Lawsuit (the "Fee Refund Petition").  A true and correct copy of the Fee Refund Petition is attached hereto as Exhibit B.

17.    Underlying Plaintiffs allege that the City "charges a variety of illegal fees, designed to profit the municipal corporation at the expense of the general welfare."  Fee Refund Petition, Ex. B, ¶ 1.

18.    The allegedly illegal fees include a "warrant recall" fee, a "letter" fee and a "failure to appear," or "FTA" fee (collectively, the "Fees").  *Id.*

19.    The Underlying Plaintiffs allege that the Fees are "statutorily prohibited, are void because they were enacted for profit and not to promote the welfare of the public, and violate the Missouri Constitutional rights of Plaintiffs and Class."  *Id.*

3

20.    Underlying Plaintiffs further allege that the Fees are "not a tax" and are not "related to actual costs incurred," but rather are "charged by [the City] as a means of profiting from the issuance of traffic tickets and other violations," and that the Fees are "not designed to promote health safety, peace, comfort, or general welfare of the public. [They are] designed to generate profit."  Fee Refund Petition, Ex. B, ¶¶ 18-19, 38-39, 61-62.

21.    The Fee Refund Lawsuit originally asserted six causes of action: Declaratory Judgment; Unjust Enrichment; Money Had and Received; Action for Accounting and Reimbursement of Court Fees Paid; Negligence; and Merchandising Practices Act.  *See generally* Exhibit B.

22.    Upon information and belief, Count V (Negligence) and Count VI (Merchandising Practices Act) were dismissed in or around September 2015.

23.    As a result, only four causes of action remain: Declaratory Judgment; Unjust Enrichment; Money Had and Received; and Action for Accounting and Reimbursement of Court Fees Paid.

24.    The Fee Refund Lawsuit seeks to require the City to disgorge unlawful profits that it has obtained.

25.    In February 2017, Rosalyn Carter dismissed her claims without prejudice, leaving Roelif Carter as the sole named plaintiff in the Fee Refund Lawsuit.

26.    On March 22, 2018, the court in the Fee Refund Lawsuit certified the following classes with respect to the warrant recall and FTA fees:

a)    All Missouri citizens who paid a failure to appear fee to Defendant on or after December 8, 2009;

4

b)      All Missouri citizens who were assessed a failure to appear fee on or after December 8, 2009 and now owe the fee;

c)      All Missouri citizens who paid a warrant fee to Defendant on or after December 8, 2009[;] and

d)      All Missouri citizens who were assessed a warrant fee on or after December 8, 2009 and now owe the fee.

27.    A true and accurate copy of the court's March 22, 2018 Order Granting Plaintiff's Motion for Class Certification (the "Class Certification Order") is attached hereto as Exhibit C.

## THE POLICY

28.    Allied World issued a Public Officials Liability and Employment Practices Liability Insurance Policy, No. 0202-2994, to the City for the **Policy Period**[1] of July 1, 2014 to July 1, 2015 (the "Policy").  The Policy contains a $2 million **Limit of Liability** for all **Loss**, per **Claim** and in the aggregate, excess of a $5,000 retention for each and every **Claim**.  A true and accurate copy of the Policy is attached hereto as Exhibit A.

29.    Insuring Agreement I.A.(1) of the Policy provides as follows:

A.      Public Officials Liability

(1)      Public Officials Wrongful Acts Coverage

The **Insurer** will pay on behalf of any **Insured**, excess of the Retention and subject to the Limits of Liability set forth in the Declarations, **Loss** which the **Insured** is legally obligated to pay as a result of a **Claim** first made against an **Insured** during the **Policy Period** or any applicable Extended

_____

[1] Terms in bold are defined in the Allied World Policy.

Reporting Period, for a **Public Officials Wrongful Act** which occurs on or after the **Retroactive Date** and before the end of the Policy Period.

The **Insurer** will have the right and duty to defend a **Claim** against an **Insured** for a **Public Officials Wrongful Act** which is covered under this INSURING AGREEMENT A(1), even if the allegations of such **Claim** are groundless, false or fraudulent.

30.    The Policy's definition of **Claim** at Section II. includes "any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding ...."

31.    The Policy defines **Public Officials Wrongful Act** at Section II. to mean:

(1)    any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty, including any **Personal Injury**, by any **Insured**;

(2)    any actual or alleged violation of civil rights protected under 42 USC 1981 et seq., or any similar federal, state or local law, by any **Insured**;

(3)    any matter claimed against an **Insured** solely by reason of his or her status as an **Insured** during the **Policy Period**;

if committed in the performance of his or her duties for the **Named Insured**; or

(4)    any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty by a natural person Insured while serving, at the direction or

6

request of the **Named Insured**, in his or her capacity as a board member or committee member of a not-for-profit organization, other than the **Named Insured**, which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, as the same may be amended from time to time, at the direction or request of the **Named Insured**. The coverage provided by this Subsection W(4) is excess of, and shall not contribute with, any other insurance plan or program of self-insurance carried by such not-for-profit corporation, and any contribution or indemnification to which a natural person Insured is entitled to from such not-for-profit organization.

A **Public Officials Wrongful Act** shall not include an **Employment Practices Wrongful Act** or a **Third Party Wrongful Act**.

32.     Pursuant to Section IV. CONDITIONS, "[n]o **Insured** may incur any **Defense Expenses** or admit liability for, or settle, or offer to settle, any **Claim** without the **Insurer's** written consent."

33.     Section III. EXCLUSIONS contains the following Exclusions to coverage, among others:

A.     The **Insurer** shall not pay **Loss**, but shall only pay **Defense Expenses**, from any **Claim** brought about or contributed to in fact by:

(1)     any deliberate misconduct or deliberate dishonest, fraudulent, criminal or malicious act, error or omission by any **Insured**;

(2)     any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation; or

7

(3)     any **Insured** gaining any profit, remuneration or advantage to which such **Insured** is not legally entitled.

The applicability of EXCLUSIONS A(1), A(2) and A(3) to any specific **Insured** may be determined by an admission of such Insured, a finding, or a final adjudication in the proceeding constituting the **Claim** or in a proceeding separate from or collateral to the **Claim**. If any specific **Insured** in fact engaged in the conduct specified in EXCLUSIONS A(1), A(2) or A(3), such **Insured** shall reimburse the **Insurer** for any **Defense Expenses** advanced to or on behalf of such **Insured**.

*        *        *

C.     The **Insurer** shall not pay any **Loss** or **Defense Expenses** from any **Claim** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

*        *        *

(11)     the activities of any Insured as a law enforcement officer, police officer, police department or other law enforcement unit or agency; the operation of any jail cell, holding cell, detention or lock-up facility of any kind; or the activities of any **Insured** charged with the power to arrest, detain or interrogate another person, or to seize or confiscate the property of any individual or entity;

provided however; that this Exclusion shall not apply to **Claims** arising out of the administrative functions or activities of any **Insured** in the enforcement of the municipal code, laws or regulations of the **Named Insured**, including but not limited to, the issuance of citations, fines, warnings, notices of

violation, the issuance or denial of licenses or permits, or the inspection of property or buildings, by persons authorized to conduct such functions or activities on behalf of the **Named Insured**;

provided further, that this Exclusion shall not apply to any **Claim** by or against a law enforcement officer or police officer in their capacity as an **Employee** under this Policy, for an **Employment Practices Wrongful Act**.

\*        \*        \*

(15)    tax credits or tax incentives or the application thereof; the formulation of tax rates; the assessment, appraisal or valuation of property; the assessment of taxes or other fees; the collection of taxes, fees or other amounts; and the disbursement of tax refunds; ….

## THE INSURANCE COVERAGE DISPUTE

34.    The City tendered the defense of the Fee Refund Lawsuit to Allied World on or about December 10, 2014.

35.    Allied World agreed to defend the City in connection with the Fee Refund Lawsuit, subject to a full and complete reservation of rights, by letter dated January 20, 2015.

36.    While Allied World continues to defend the City subject to a full and complete reservation of rights, Allied World now seeks a declaration that it has no duty to continue to defend or to indemnify the City in connection with the Fee Refund Lawsuit.

### COUNT I – DECLARATORY JUDGMENT (Uncovered or Uninsurable Loss)

37.    Plaintiff realleges and incorporates paragraphs 1-36.

9

38.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the relief sought by the Underlying Plaintiffs constitutes uncovered or uninsurable loss.

39.    The disgorgement of unlawfully-obtained fees is not an insurable loss under Missouri law and public policy.

40.    The knowing and willful violation of the law, designed to profit the City "at the expense of the general welfare," is not insurable under Missouri law and public policy.

41.    Additionally or alternatively, the disgorgement of unlawfully-obtained fees is not a "Loss" as defined by the Policy.

42.    Additionally or alternatively, the knowing and willful violation of the law, designed to profit the City "at the expense of the general welfare," is not a "Public Officials Wrongful Act" as defined by the Policy.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because the relief sought by the Underlying Plaintiffs constitutes uncovered or uninsurable loss.

## COUNT II – DECLARATORY JUDGMENT (Exclusion III.A.(1))

43.    Plaintiff realleges and incorporates paragraphs 1-41.

44.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the Fee Refund Lawsuit is brought about or contributed to in fact by the deliberate misconduct or deliberate dishonest, fraudulent, criminal, or malicious act, error, or omission by the City and/or any Insured, such that Exclusion III.A(1) of the Policy applies.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because Exclusion III.A.(1) of the Policy excludes coverage.

### COUNT III – DECLARATORY JUDGMENT (Exclusion III.A.(2))

45.    Plaintiff realleges and incorporates paragraphs 1-44.

46.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the Fee Refund Lawsuit is brought about or contributed to in fact by a willful violation by the City and/or any Insured of any law, statute, ordinance, rule, or regulation, such that Exclusion III.A.(2) of the Policy applies.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because Exclusion III.A.(2) of the Policy excludes coverage.

### COUNT IV – DECLARATORY JUDGMENT (Exclusion III.A.(3))

47.    Plaintiff realleges and incorporates paragraphs 1-46.

48.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the Fee Refund Lawsuit was brought about or contributed to in fact by the City and/or any Insured gaining any profit, remuneration, or advantage to which such Insured is not legally entitled, such that Exclusion III.A.(3) of the Policy applies.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because Exclusion III.A.(3) of the Policy excludes coverage.

**COUNT IV – DECLARATORY JUDGMENT (Exclusion III.A.(11))**

49.    Plaintiff realleges and incorporates paragraphs 1-46.

50.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the Fee Refund Lawsuit is based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the activities of any Insured as a law enforcement officer, police officer, police department, or other law enforcement unit or agency and does not fall within any of the exceptions to the exclusion, such that Exclusion III.C.(11) applies.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because Exclusion III.A.(11) of the Policy excludes coverage.

**COUNT IV – DECLARATORY JUDGMENT (Exclusion III.A.(15))**

51.    Plaintiff realleges and incorporates paragraphs 1-50.

52.    Allied World seeks a judicial determination that it has no duty to defend or to indemnify the City with respect to the Fee Refund Lawsuit because the Fee Refund Lawsuit is based on, arising out of, directly or indirectly resulting from, in consequence of,

or in any way involving the assessment of taxes or other fees and/or the collection of taxes, fees, or other amounts, such that Exclusion III.C.(15) applies.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Allied World Specialty Insurance Company requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of the Underlying Plaintiffs against the City of Ferguson because Exclusion III.A.(15) of the Policy excludes coverage.

## JURY DEMAND

Allied World demands a trial by jury.

BAKER STERCHI COWDEN & RICE, L.L.C.

 /s/  Angela M. Higgins
Angela M. Higgins        52159MO
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
higgins@bscr-law.com

and

Martha Charepoo, MO #55641
BAKER STERCHI COWDEN & RICE, L.L.C.
1010 Market Street, Suite 950
St. Louis, Missouri 63101
T:  (314) 231-2925
F:  (314) 231-4857
mcharepoo@bscr-law.com

ATTORNEYS FOR PLAINTIFF
ALLIED WORLD SPECIALTY INSURANCE
COMPANY