UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIED WORLD SPECIALTY INSURANCE COMPANY, f/k/a Darwin Select Insurance Company, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 4:18-CV-827 RLW |
| v. | )<br>) |
| THE CITY OF FERGUSON, MISSOURI, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant The City of Ferguson, Missouri's Motion to Dismiss or to Strike Plaintiff's Complaint for Declaratory Judgment or Alternative Motion to Abstain (ECF No. 11). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Allied World Specialty Insurance Company, formerly known as Darwin Select Insurance Company ("Allied") seeks a declaration that it has no duty to defend or indemnify the City of Ferguson (the "City") under a public officials liability insurance policy (the "Policy") issued to the City by Allied. Allied issued a Public Officials Liability and Employment Practices Liability Insurance Policy, No. 0202-2994, to the City for the Policy Period of July 1, 2014 through July 1, 2015.

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

The underlying lawsuit for which the City is seeking coverage is *Carter et al. v. City of Ferguson*, Case No. 14SL-CC04195 (Circuit Court of St. Louis County, State of Missouri). In the *Carter* lawsuit, the plaintiffs allege the City "charges a variety of illegal fees, designed to profit the municipal corporation at the expense of the general welfare." The allegedly illegal fees include a "warrant recall" fee, a "letter" fee, and a "failure to appear" or "FTA" Fee (collectively, the "Fees"). The *Carter* lawsuit alleges that the Fees are "statutorily prohibited, are void because they were enacted for profit and not to promote the welfare of the public, and violate the Missouri Constitutional rights of Plaintiff and Class." The *Carter* lawsuit further alleges the Fees are "not a tax" and are not "related to actual costs incurred," but rather are "charged by [the City] as a means of profiting from the issuance of traffic tickets and other violations," and that the Fees are "not designed to promote healthy, safety, peace, comfort, or general welfare of the public. [They are] designed to generate profit." The *Carter* lawsuit seeks to recoup from the City certain fees that were charged by the City, allegedly in violation of Missouri statutory law and plaintiffs' rights under the Constitution.

Allied is defending the City in the *Carter* lawsuit, subject to a full and complete reservation of Allied's rights pursuant to the terms and conditions of the Policy. The City has made demand upon Allied to pay the limits of the Policy in settlement of the claims asserted in the Carter lawsuit.

On May 31, 2018, Allied filed this action in this Court. Allied brings claims for: Count I—Declaratory Judgment (Uncovered or Uninsurable Loss) and Counts II-VI seek Declaratory Judgment pursuant to various exclusions under the Policy.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

The City has filed a motion to dismiss Allied's declaratory judgment claims. In its Motion, the City argues that Allied's Complaint fails to state plausible claims for relief. Specifically, Allied argues that the Policy requires Allied to defend the City until some court concludes that Allied is not liable under the Policy and, therefore, the counts seeking to find Allied has no defense obligation should be stricken. (ECF No. 12 at 4-5). Further, the City asks the Court to apply the "innocent taxpayer" rule to find an exception to the public policy prohibition for municipal entities. (ECF No. 12 at 6-7). In addition, the Court argues that Counts II, III, and IV should be dismissed or stayed because the Policy's "in fact" language in Section III.A.[2] requires the Court to await factual findings in the *Carter* case before the exclusion is triggered. The City also contends the Court should dismiss Count IV of the Complaint because the illegal "profit, renumeration or advantage" does not apply in that an allegation that the City received personal gain is not an essential element of each claim in the *Carter* lawsuit. The City asserts Count V should be dismissed because it is fatally flawed; the exclusion in Section

---

[2] Section III.A. of the Policy precludes coverage for claims "brought about or contributed to in fact by [any of the three exclusions]."

III.C.(11) does not apply.[3] The City claims Count VI should be dismissed because the exclusion in Section III.C.(15) does not apply to the allegations in the *Carter* lawsuit.[4] Finally, the City asks this Court to dismiss or stay the litigation pending a final determination of the Carter lawsuit under the principles of abstention.

"Under Missouri's Declaratory Judgment Act, any person interested under a written contract, or whose rights are affected by a contract may have determined any question of construction or validity under the contract and obtain a declaration of rights." *Secure Energy, Inc.*, 2012 WL 13710, at *2 (citing Mo.Rev.Stat. §527.020). An action under the declaratory judgment act requires a justiciable controversy wherein: "(1) the plaintiff has a legally

---

[3] Section III.C.(11) provides that
> The Insurer shall not pay any Loss or Defense expenses from any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
> ***
> (11) the activities of any Insured as a law enforcement officer, police officer, police department or other law enforcement unit or agency; the operation of any jail cell, holding cell, detention or lock-up facility of any kind; or the activities of any Insured charged with the power to arrest, detain or interrogate another person, or to seize or confiscate the property of any individual or entity;
> Provided however; that this Exclusion shall not apply to Claims arising out of the administrative functions or activities of any Insured in the enforcement of municipal code, laws or regulations of the Named Insured, including but not limited to, the issuance of citations, fines, warnings, notices of violation, the issuance or denial of licenses or permits, or the inspection of property or buildings by persons authorized to conduct such functions or activities on behalf of the Named Insured;
> Provided further that this Exclusion shall not apply to any Claim by or against a law enforcement officer or police officer in their capacity as an Employee under this Policy for an Employment Practices Wrongful Act.

[4] Section III.C.(15) provides:
> The Insurer shall not pay any Loss or Defense Expenses from any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
> (15) tax credits or tax incentives or the application thereof; the formulation of tax rates; the assessment, appraisal or valuation of property; the assessment of taxes or other fees; the collection of taxes, fees or other amounts; and the disbursement of tax refunds; …

protectable interest at stake; (2) a substantial controversy exists with genuinely adverse interests; and (3) the controversy is ripe for judicial determination." *Missouri Alliance for Retired Am. v. Dep't of Labor & Indus. Relations,* 277 S.W.3d 670, 676 (Mo. 2009) (citations omitted). Allied's Complaint asks the Court to identify the parameters of its duty to defend and indemnify the City. An insurer's duty to defend a suit against its insured arises "whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial." *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.,* 989 S.W.2d 168, 170 (Mo. 1999). The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. *Secura Ins. v. Horizon Plumbing, Inc.,* 670 F.3d 857, 861 (8th Cir. 2012) (citing *McCormack,* 989 S.W.2d at 170); *see also Williams v. Employers Mut. Cas. Co.,* No. 4:13-CV-2393 RLW, 2015 WL 892556, at *3 (E.D. Mo. Mar. 2, 2015), *aff'd,* 845 F.3d 891 (8th Cir. 2017). Unlike the duty to defend, "[t]he duty to indemnify is determined by the facts as they are established at trial or as they are finally determined by some other means, for example through summary judgment." *McCormack,* 989 S.W.2d at 173. Under Missouri law, the duty to defend is broader than the duty to indemnify. *Lampert v. State Farm Fire and Cas. Co.,* 85 S.W.3d 90, 93 (Mo. Ct. App. 2002). An insurer may have a duty to defend claims falling within the policy even if it may not ultimately be obligated to indemnify the insured. *Millers Mut. Ins. Ass'n of Illinois v. Shell Oil Co.,* 959 S.W.2d 864, 871 (Mo. Ct. App. 1997); *Argonaut Great Cent. Ins. Co. v. Lincoln Cty., Missouri,* No. 4:17-CV-00762 JAR, 2018 WL 3756767, at *4 (E.D. Mo. Aug. 8, 2018). "The duty to defend arises when the insured is first sued and thus is understandably broader than the duty to indemnify." *Esicorp, Inc. v. Liberty Mut. Ins. Co.,* 193 F.3d 966, 969 (8th Cir. 1999) "Where there is no duty to defend, there is no duty to

indemnify." *Am. States Ins. Co. v. Herman C. Kempker Constr. Co.*, 71 S.W.3d 232, 236 (Mo. App. W.D. 2002); *Trainwreck W. Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 44 (Mo. Ct. App. 2007).

Upon review of the Complaint and the memoranda pertaining to the present motion to dismiss, the undersigned finds that dismissal is not appropriate at this time. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. *Secure Energy, Inc. v. Philadelphia Indem. Ins. Co.*, No. 4:11CV1636 TIA, 2012 WL 13710, at *2 (E.D. Mo. Jan. 4, 2012). The Court holds that Allied has sufficiently alleged facts to support a declaratory judgment action. Allied alleges a present case and controversy that is ripe for adjudication. *See Employers Ass'n, Inc. v. United Steelworkers*, 32 F.3d 1297, 1299 (8th Cir.1994) ("[r]ipeness is demonstrated by a showing that a live controversy exists such that the plaintiffs will sustain immediate injury from the operation of the challenged provisions."); *S. Dakota Min. Ass'n, Inc. v. Lawrence Cty.*, 155 F.3d 1005, 1008 (8th Cir. 1998). The City has made a claim for settlement for its full policy limits, and Allied is currently defending this action under a reservation of rights. *See Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir.1995) (quoting *United States v. Fisher–Otis Co.*, 496 F.2d 1146, 1151 (10th Cir.1974))("The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action."); *Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004). The Court will make a coverage determination after interpreting the insurance policy and the allegations in the underlying lawsuit. This determination is a question of law that is appropriately determined by this Court. *Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 (Mo. 2018) ("As with any other contract,

the interpretation of an insurance policy is a question of law[.]") (citation omitted). As a result, the Court holds that the allegations on the face of the complaint do not show some insuperable bar to relief and, therefore, dismissal under Rule 12(b)(6) is inappropriate. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997).

Further, the Court holds that abstention is not appropriate at this time. The Eighth Circuit in *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005) outlined the relevant factors for a federal court to consider abstention when there is a state court proceeding, even if it is not parallel. Those factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of 'overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 998 (internal citations and quotations omitted). The Court holds these factors do not weigh in favor of abstention. As previously discussed, this Court primarily will address the defense coverage issues as a question of law, which would not be advanced by waiting on a factual ruling by the state court. The Court's interpretation of First Amended Class Action Petition (ECF No. 1-2) in the *Carter* lawsuit and the Policy (ECF No. 1-1) largely define this legal determination, without any need for a state court ruling. Further, Missouri courts have no special interest in resolving this insurance policy dispute. In addition, the parties in the *Carter* lawsuit seem poised

to settle the litigation, given that they are discussing resolution and the parties have not answered discovery by agreement. *See* ECF No. 18 at 14 (citing the Carter lawsuit docket). Thus, abstention would be a largely futile endeavor. Finally, the Court notes that there is no other pending litigation that would determine insurance coverage and, therefore, no procedural fending or forum shopping to determine the best venue for a coverage determination. Thus, the Court finds that the litigation would not be advanced by staying or abstaining from ruling to allow the state court action to proceed. The Court denies the City's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The City of Ferguson, Missouri's Motion to Dismiss or to Strike Plaintiff's Complaint for Declaratory Judgment or Alternative Motion to Abstain (ECF No. 11) is **DENIED**.


Dated this 11th day of March, 2019.

                                                      *Ronnie L. White*
                                                      **RONNIE L. WHITE**
                                                      **UNITED STATES DISTRICT JUDGE**