IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIED WORLD SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) CITY OF FERGUSON, MISSOURI, ) ) Defendant. ) | Case No. 4:18-cv-00827-RLW |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
AND COUNTERCLAIM**

COMES NOW Defendant City of Ferguson ("Ferguson" or "Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment (the "Complaint"), states as follows:

1. Ferguson admits that this is an insurance coverage dispute, and that Plaintiff claims it has no duty to defend or indemnify under the Policy for the pending action that it defines as the "Fee Refund Lawsuit." Ferguson denies each and every remaining allegation contained in Paragraph 1.

2. Ferguson admits that the plaintiffs in the "Fee Refund Lawsuit" seek recovery for certain fees that the City argues were properly charged in accordance with Missouri law. Ferguson denies each and every remaining allegation contained in Paragraph 2.

3. Ferguson admits that Plaintiff, as it is obligated to do under the Policy, has agreed to defend Ferguson and is currently defending Ferguson in

2319650.9

the "Fee Refund Lawsuit," subject to what Plaintiff claims is a full and complete reservation of rights.  Ferguson denies each and every remaining allegation contained in Paragraph 3.

      4.      Ferguson admits the allegations contained in Paragraph 4.

      5.      Ferguson admits the allegations contained in Paragraph 5.

      6.      Ferguson admits the allegations contained in Paragraph 6.

      7.      Ferguson denies the allegations contained in Paragraph 7.

      8.      Ferguson denies the allegations contained in Paragraph 8.

      9.      Ferguson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and, therefore, Ferguson denies the allegations contained in Paragraph 9.

      10.      Ferguson admits the allegations contained in Paragraph 10.

      11.      Ferguson admits the allegations contained in Paragraph 11.

      12.      Ferguson admits the allegations contained in Paragraph 12.

      13.      Ferguson denies the allegations contained in Paragraph 13.

      14.      Ferguson admits the allegations contained in Paragraph 14.

      15.      Ferguson admits the allegations contained in Paragraph 15.

      16.      Ferguson admits the allegations contained in Paragraph 16.

      17.      Ferguson admits that certain allegations are made in the Fee Refund Petition, including the quoted language in Paragraph 17.  Ferguson denies each and every remaining allegation contained in Paragraph 17, including the substance of the underlying allegations.

18. Ferguson admits that the Fee Refund Petition involves claims relating to "warrant recall" fees, "letter" fees and "failure to appear" fees. Ferguson denies each and every remaining allegation contained in Paragraph 18.

19. Ferguson admits that certain allegations are made in the Fee Refund Petition, including the quoted language in Paragraph 19.  Ferguson denies each and every remaining allegation contained in Paragraph 19.

20. Ferguson admits that certain allegations are made in the Fee Refund Petition, including the quoted language in Paragraph 20 and the allegation that the fees at issue are "not a tax."  Ferguson denies each and every remaining allegation contained in Paragraph 20, including the substance of the underlying allegations.

21. Ferguson admits the allegations contained in Paragraph 21.

22. Ferguson admits the allegations contained in Paragraph 22.

23. Ferguson admits the allegations contained in Paragraph 23.

24. Ferguson denies the allegations contained in Paragraph 24.

25. Ferguson admits the allegations contained in Paragraph 25.

26. Ferguson admits the allegations contained in Paragraph 26.

27. Ferguson admits the allegations contained in Paragraph 27.

28. Ferguson admits the allegations contained in Paragraph 28.

29. Ferguson admits that certain language is contained in the referenced Policy, including the quoted language in Paragraph 29.  Ferguson denies each and every remaining allegation contained in Paragraph 29.

30. Ferguson admits that certain language is contained in the referenced Policy, including the quoted language in Paragraph 30. Ferguson denies each and every remaining allegation contained in Paragraph 30.

31. Ferguson admits that certain language is contained in the referenced Policy, including the quoted language in Paragraph 31. Ferguson denies each and every remaining allegation contained in Paragraph 31.

32. Ferguson admits that certain language is contained in the referenced Policy, including the quoted language in Paragraph 32. Ferguson denies each and every remaining allegation contained in Paragraph 32.

33. Ferguson admits that certain language is contained in the referenced Policy, including the quoted language in Paragraph 33. Ferguson denies each and every remaining allegation contained in Paragraph 33.

34. Ferguson admits the allegations contained in Paragraph 34.

35. Ferguson admits that Plaintiff, as it is obligated to do under the Policy, has agreed to defend Ferguson and is currently defending Ferguson in the "Fee Refund Lawsuit," subject to what Plaintiff claims is a full and complete reservation of rights. Ferguson denies each and every remaining allegation contained in Paragraph 35.

36. Ferguson admits that Plaintiff, as it is obligated to do under the Policy, has agreed to defend Ferguson and is currently defending Ferguson in the "Fee Refund Lawsuit," subject to what Plaintiff claims is a full and complete reservation of rights, and that it is seeking a declaration from this Court that it

4

has no duties to defend and indemnify Ferguson under the Policy for this lawsuit. Ferguson denies each and every remaining allegation contained in Paragraph 36.

**ANSWER TO COUNT I – DECLARATORY JUDGMENT**
**(Uncovered/Uninsurable Loss)**

37. In answer to Paragraph 37, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 36.

38. Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit. Ferguson denies each and every remaining allegation contained in Paragraph 38.

39. Ferguson denies the allegations contained in Paragraph 39, and denies that Ferguson engaged in any such claimed conduct.

40. Ferguson denies the allegations contained in Paragraph 40, and denies that Ferguson engaged in any such claimed conduct.

41. Ferguson denies the allegations contained in Paragraph 41, and denies that Ferguson engaged in any such claimed conduct.

42. Ferguson denies the allegations contained in Paragraph 42, and denies that Ferguson engaged in any such claimed conduct.

WHEREFORE, having fully answered Count I, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

## ANSWER TO COUNT II – DECLARATORY JUDGMENT
(Exclusion III.A.(1))

43. In answer to Paragraph 43, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 42.

44. Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit. Ferguson denies each and every remaining allegation contained in Paragraph 44.

WHEREFORE, having fully answered Count II, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

## ANSWER TO COUNT III – DECLARATORY JUDGMENT
(Exclusion III.A.(2))

45. In answer to Paragraph 45, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 44.

46. Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit. Ferguson denies each and every remaining allegation contained in Paragraph 46.

WHEREFORE, having fully answered Count III, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court

award such other and further relief to the City of Ferguson as this Court deems just and proper.

### ANSWER TO COUNT IV – DECLARATORY JUDGMENT
### (Exclusion III.A.(3))

47.  In answer to Paragraph 47, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 46.

48.  Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit.  Ferguson denies each and every remaining allegation contained in Paragraph 48.

WHEREFORE, having fully answered this first Count IV, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

### ANSWER TO COUNT IV [SIC]– DECLARATORY JUDGMENT
### (Exclusion III.A.(11))

49.  In answer to Paragraph 49, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 48.

50.  Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit.  Ferguson denies each and every remaining allegation contained in Paragraph 50.

WHEREFORE, having fully answered this second Count IV, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

### ANSWER TO COUNT IV [SIC]– DECLARATORY JUDGMENT
### (Exclusion III.A.(15))

51. In answer to Paragraph 51, Ferguson reasserts and incorporates by reference its responses to Paragraphs 1 through 50.

52. Ferguson admits that Plaintiff is seeking a declaration from this Court that it has no duties to defend and indemnify Ferguson under the Policy for the Fee Refund Lawsuit. Ferguson denies each and every remaining allegation contained in Paragraph 50.

WHEREFORE, having fully answered this third Count IV, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

COMES NOW Defendant City of Ferguson (the "Ferguson" or "Defendant"), by and through its undersigned counsel, and hereby assert the following Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment (the "Complaint":

8

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claims upon which relief can be granted based on, inter alia, the reasons set forth in Ferguson's Motion to Dismiss or to Strike (Doc. No. 11) and supporting memoranda (Doc. Nos. 12 and 21) which are incorporated by reference herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on Ferguson's justifiable reliance on Plaintiff's promises regarding coverage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's is not entitled to any declaratory or other relief given the pending Missouri state court proceeding, which makes this action premature.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not identified any established Missouri public policy or Missouri statute that created any established public policy that would preclude any defense and indemnification as expressly provided for under the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is seeking a declaration that it has no obligation to defend given the express Policy language

that creates a contractual duty to defend and pay "Defense Expenses" even if it is not obligated to cover any "Loss" under the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Innocent Taxpayer Rule as recognized by the Missouri courts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because certain of the exclusions relied upon would only apply if the claimed conduct was brought about or contributed to "in fact" by any of the claimed exclusions, which in fact determinations must first be made by the Missouri state court.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on its failure to join indispensable parties, namely, the named plaintiffs and plaintiff class in the Carter Lawsuit.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because certain claimed exclusions it purports to rely upon, such as Exclusions C.(11) and C.(15), were either not set forth in its reservation of rights correspondence or were subsequently withdrawn, which now estops Plaintiff from relying on them.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed in its entirety or stayed based on, inter alia, the reasons set forth in Ferguson's Motion to Dismiss or to Strike (Doc. No. 11) and supporting memoranda (Doc. Nos. 12 and 21) which are incorporated by reference herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant City of Ferguson prays that the Court enter judgment in its favor, that it award the City of Ferguson its attorney's fees and costs incurred herein, and that the Court award such other and further relief to the City of Ferguson as this Court deems just and proper.

### COUNTERCLAIM FOR VEXATIOUS REFUSAL TO PAY PURSUANT TO SECTION 375.420, MO.REV.STAT.

COMES NOW Defendant City of Ferguson ("Ferguson" or "Defendant"), by and through its undersigned counsel, and for its Counterclaim for Vexatious Refusal to Pay pursuant to Section 375.420, Mo.Rev.Stat. against Plaintiff Allied World Specialty Insurance Company ("Allied World") states as follows:

### GENERAL ALLEGATIONS

1. Ferguson is a constitutional charter home rule city located in St. Louis, Missouri, which operates pursuant to Article VI, Section 19 of the Missouri Constitution and its Home Rule Charter.

2. Plaintiff Allied World is an insurance corporation organized under the laws of the State of Delaware.

3. Jurisdiction is proper over this Counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Allied World issued a Public Officials Liability and Employment Practices Liability Insurance Policy, No. 0202-2994, to Ferguson for the policy Period of July 1, 2014 to July 1, 2015 (the "Policy"). The Policy contains a $2 million Limit of Liability for all Loss, per Claim and in the aggregate, excess of a

11

$5,000 retention for each and every Claim.  A true and accurate copy of the Policy is attached to Plaintiff's Complaint as <u>Exhibit A (Doc No. 1-1)</u>.

    5.    Pursuant to this Policy, Allied World owed Ferguson certain fiduciary duties, which duties include, but were not limited to, the following:

    a)    a duty to act honestly to effectually indemnify and save Ferguson harmless and make payments to effectuate a settlement in cases where requested to avoid financial harm to the City;

    b)    a duty not to disregard the financial interests of Ferguson in the hopes of escaping the full responsibility imposed upon Allied World by its policies and insurance programs, while at the same time increasing the financial exposure and financial risk to Ferguson;

    c)    a duty to advise and provide proper and clear notice to Ferguson regarding the basis for any denial of coverage and provide a clear and proper reservations of any rights with respect to any dispute over liability coverage; and

    d)    a duty to wait for a resolution of the Carter Lawsuit prior to filing a declaratory action so as not to compromise and prejudice Ferguson's ability to defend the case and needlessly expose Ferguson to additional financial exposure and financial risk.

    6.    Section  I.A.(1) of the Policy provides as follows:

    a)    Public Officials Liability

        (i) Public Officials Wrongful Acts Coverage

The **Insurer** will pay on behalf of any **Insured**, excess of the Retention and subject to the Limits of Liability set forth in the Declarations, **Loss** which the **Insured** is legally obligated to pay as a result of a **Claim** first made against an **Insured** during the Policy Period or any applicable Extended Reporting Period, for a **Public Officials Wrongful Act** which occurs on or after the **Retroactive Date** and before the end of the Policy Period.

> The **Insurer** will have the right and duty to defend a **Claim** against an **Insured** for a **Public Officials Wrongful Act** which is covered under this INSURING AGREEMENT A(1), even if the allegations of such **Claim** are groundless, false or fraudulent.

7. Section II.N. defines "**Loss**" as "damages, pre-judgment interest, post-judgment interest, front pay and back pay, judgments, settlements, punitive or exemplary damages, or other amounts that an **Insured** is legally obligated to pay as a result of a **Claim**."

8. Section II.D. defines "**Claim**" as, inter alia: "(1) any written demand for monetary damages or **Non-Monetary Relief**; . . . (3) any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding. . .."

9. Section II.G. defines "Defense Expenses" to include "reasonable and necessary fees, costs, charges or expenses resulting from the investigation, defense or appeal of a **Claim**."

10. The Policy defines **Public Officials Wrongful Act** at Section II.W. to mean:

> 1) any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty, including any **Personal Injury**, by any **Insured**;
>
> 2) any actual or alleged violation of civil rights protected under 42 USC 1981 et seq., or any similar federal, state or local law, by any **Insured**;
>
> 3) any matter claimed against an **Insured** solely by reason of his or her status as an Insured during the **Policy Period**; if committed in the performance of his or her duties for the **Named Insured**; or
>
> 4) any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty by a natural person

13

> Insured while serving, at the direction or request of the **Named Insured**, in his or her capacity as a board member or committee member of a not-for-profit organization, other than the **Named Insured,** which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, as the same may be amended from time to time, at the direction or request of the Named Insured. The coverage provided by this Subsection W(4) is excess of, and shall not contribute with, any other insurance plan or program of self-insurance carried by such not-for-profit corporation, and any contribution or indemnification to which a natural person Insured is entitled to from such not-for-profit organization.
>
> A **Public Officials Wrongful Act** shall not include an **Employment Practices Wrongful Act** or a **Third Party Wrongful Act.**

11.  On December 8, 2014, the original named plaintiff in the underlying action, Darrick Reed and then ultimately Roelif Carter, on behalf of themselves and a class of similarly situated individuals, filed a class action lawsuit against Ferguson captioned Carter et al. v. City of Ferguson, Case No. 14SL-CC04195, St. Louis County Circuit Court, which lawsuit was amended on March 23, 2015, a true and correct copy of which First Amended Petition is attached to Plaintiff's Complaint as <u>Exhibit B (Doc No. 1-2)</u> and is hereinafter referred to as the "Carter Lawsuit."

12.  The Carter Lawsuit asserts four causes of action: declaratory judgment (Count I), unjust enrichment (Count II), money had and received (Count III), and an action for accounting and reimbursement of court fees paid (Count IV).  In Count I, the Carter Lawsuit requests the State court to declare (a) that the fees violate state law, (b) that the fees are void because they were enacted without municipal authority and designed to create a profit, (c) that the class is

entitled to recoup the payments made, and (d) that any person alleged to owe the fees should be relieved of the obligation. The Carter Lawsuit alleges that Ferguson "charges a variety of illegal fees, designed to profit the municipal corporation at the expense of the general welfare" and includes a "warrant recall" fee, a "letter" fee and a "failure to appear," or "FTA" fee (collectively the "fees"). Id. at ¶1.

13.    The Carter Lawsuit alleges that the fees were collected in violation of state law, without municipal authority and solely to create a profit, and, therefore, such fees should be returned or those owing such fees should be relieved of the obligation. Id.

14.    Ferguson tendered the defense of the Carter Lawsuit to Allied World on or about December 10, 2014.

15.    Allied World initially agreed to defend Ferguson under the Policy in connection with the Carter Lawsuit, subject to a reservation of rights, by letter dated January 20, 2015.

16.    Ferguson made demands on Allied World to settle the Carter Lawsuit within the Policy limits and also conveyed its disagreement with certain of Allied World's positions regarding coverage by letters dated November 29, 2017 and December 28, 2017.

17.    Despite Ferguson's repeated demands that Allied World settle the Carter Lawsuit within the Policy limits, Allied World has repeatedly refused to do so.

18. On May 31, 2018, Allied World filed a Complaint for Declaratory Judgment, asking this Court to declare that it has no duty to defend and indemnify Ferguson under the Policy with respect to the Carter Lawsuit. See generally, Exhibit A (Doc No. 1-1).

19. Allied World claims the Exclusions of Section III.A. preclude coverage of the Carter Lawsuit under the Policy. However, these exclusions, including the "law enforcement" exclusion, the "tax" exclusion, and the illegal "profit remuneration, or advantage" exclusion do not apply and do not override Allied's duty to defend the City expressly required by Section I.A.

20. Under the clear terms of the Exclusions, Section III.C.(11) of the Policy does not apply to the Carter Lawsuit because the fees at issue were administrative costs imposed by the Ferguson Municipal Court, and Section III.C.(11) explicitly states that it "shall **not** apply to Claims arising out of the administrative functions or activities of any Insured in the enforcement of the municipal code, laws or regulations of the **Named Insured**, including, but not limited to, the issuance of citations, fines, warnings, notices of violation . . ."

21. Moreover, in a letter from Allied World's counsel to counsel for the Ferguson dated February 5, 2018, Allied World falsely claimed, expressly contrary to the allegations set forth in its Complaint, that "[h]owever, the above carve-out is limited to Exclusion C.(11), and Allied World is not relying on this exclusion with respect to the [Carter Lawsuit]."

22. Further, despite Allied World's knowledge that the plaintiffs in the Carter Lawsuit have expressly alleged that the disputed "fees" are not "taxes,"

Allied World nonetheless claims Section III.C.(15) applies to bar coverage for the Carter Lawsuit because the challenged fees purportedly constitute "taxes."

23. In addition to alleging factual allegations and defenses to coverage in its Complaint that are not supported by the Policy or the allegations in the Carter Lawsuit, backtracking on the purported exclusions that were withdrawn to justify denying coverage, and citing to Policy exclusions that purportedly apply to "taxes" (an exclusion that Allied World did not rely upon in its reservation of rights correspondence) when the allegations in the Carter Lawsuit make clear that no "taxes" are involved, Allied World has denied coverage without reasonable cause or excuse based on other Policy exclusions that clearly do not apply and has breached its fiduciary duties to Ferguson because:

a) The purported public policy exclusions Allied World relies upon to suggest that the Carter Lawsuit claims are "uninsurable" as a matter of Missouri public policy is baseless, not supported by Missouri law or any Missouri statute, and contrary to well-established Missouri law and the "innocent taxpayer rule" as recognized by the Missouri courts;

b) Allied World improperly and without any contractual basis seeks a declaration that there is no duty to defend when, even if one of the Policy exclusions applied, Section III.A. of the Policy expressly creates a contractual duty to defend by stating that "[t]he **Insurer** shall not pay **Loss** but shall only pay **Defense Expenses**, . . .";

c) To the extent that Allied World purports to rely on Exclusion C.(11), that reliance is likewise baseless because that section expressly provides: ". . . this exclusion shall not apply to **Claims** arising out of the administrative functions or activities of any Insured in the enforcement of the municipal code, laws or regulations of the **Named Insured**, including but not limited to, the issuance of citations, fines, warnings,

        notices of violations, the issuance or denial of licenses or permits, or the inspection of property or buildings, by persons authorized to conduct such functions or activities on behalf of the **Named Insured**";

  d)   By seeking a declaration that there is no duty to defend, when the Policy clearly creates such a duty even if Allied World otherwise has no indemnity obligations, and by seeking a "no liability" determination when it has such a duty to defend, Allied World has violated its fiduciary obligations to Ferguson to not disregard the financial interests of Ferguson in the hopes of escaping the full responsibility imposed upon Allied World by its policies; and

  e)   The timing of Allied World's declaratory judgment action – prior to the Ferguson having an opportunity to allow a Missouri jury to decide the issues of whether the fees charged that underlie the Carter Lawsuit are legal or are otherwise in violation of Missouri law when Allied World would not be prejudiced by awaiting that determination – also violates Allied World's fiduciary duties owed to Ferguson because the City is now at risk of being deprived of its right to have a Missouri jury decide the underlying factual issues by having this Court decide those issues in advance of that jury trial and permit the plaintiffs in the Carter Lawsuit to argue that Ferguson would be barred by collateral estoppel from claiming otherwise in that lawsuit.

24.    Allied World's refusal to settle the Carter Lawsuit upon demand by Ferguson, coupled with Allied World's other improper actions alleged in Paragraphs 19 through 23, was and is vexatious because these actions have been done willfully, in bad faith, and/or without any reasonable cause or excuse, as it would appear to any reasonable person at the time or at any other time.

25.    Consequently, Ferguson is entitled to recover damages as provided for in Section 375.420, Mo.Rev.Stat., as well as reasonable attorney's fees in pursuing this action.

26. In addition, because Allied World's conduct reflects evil motives and reckless indifference to the rights of Ferguson, Allied World is liable to Ferguson for punitive damages in an amount sufficient to deter Allied World and others from committing such wrongful actions in the future.

WHEREFORE, Plaintiff City of Ferguson respectfully requests that this Court enter its judgment in favor of City of Ferguson for damages as permitted by Section 375.420, Mo.Rev.Stat., for reasonable attorneys' fees and costs incurred in pursuing this action, for punitive damages, and for such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

COMES NOW Defendant City of Ferguson and hereby demand a trial by jury in this cause.

Dated:  March 25, 2019

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Ronald A. Norwood
　　Ronald A. Norwood, ##33841MO
　　Apollo D. Carey, #58286MO
　　Jacqueline K. Graves, #64875MO
　　Sarah L. Noonan, #71102MO

600 Washington Ave., Suite 2500
St. Louis, Missouri  63101
(314) 444-7675 (Telephone)
(314) 612-7675 (Facsimile)
rnorwood@lewisrice.com
acarey@lewisrice.com
jgraves@lewisrice.com

Attorneys for Defendant City of Ferguson

**CERTIFICATE OF SERVICE**

　　The undersigned hereby certifies that on this 25th day of March, 2019, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

　　　　　　　　　　　　　　　　/s/ Ronald A. Norwood