UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALLIED WORLD SPECIALTY INSURANCE CO., | ) ) ) | |
|---|---|---|
| Plaintiff(s), | ) ) | Case No. 4:18CV00827 SRC |
| vs. | ) ) | |
| CITY OF FERGUSON, MISSOURI, | ) ) | |
| Defendant(s). | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Roelif Carter's Motion to Intervene under Rule 24(b) [37]. The Court denies this motion.

Allied World filed a complaint for declaratory judgment asking the Court to declare it has no duty to defend or indemnify the City of Ferguson in connection with the "Fee Refund Lawsuit." In the Fee Refund Lawsuit, filed in the Circuit Court of St. Louis County, Missouri, the plaintiffs in the suit, and on behalf of a class, allege Ferguson "charges a variety of illegal fees designed for profit at the expense of the general welfare." ECF No. 32, ¶12. The fees include a warrant recall fee, a letter fee, and a failure-to-appear fee. The suit seeks to require Ferguson to disgorge unlawful profits that it obtained from the fees. Allied World agreed to defend Ferguson in connection with the lawsuit, subject to a complete reservation of rights. Now, in the suit before this Court, Allied World seeks a declaration it has no duty to defend or indemnify Ferguson.

Movant Roelif Carter seeks to permissively intervene, on behalf of himself and the class, asserting his interest, and the interests of the class in the Fee Refund Lawsuit, might be impaired by disposition of this case. According to Carter, issues could be litigated before this Court that

1

impact the Fee Refund lawsuit including the nature of the fee, whether it was intentionally illegal, and whether it caused damages to the class. Carter also argues his and the class's interests will not be protected by the parties, because any factual issues decided here will inevitably be used in the Fee Refund lawsuit by Ferguson to challenge current or future rulings.

Federal Rule of Civil Procedure 24(b) states the Court may permit someone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The Court must consider if the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P 24(b)(3). The decision to grant or deny a motion for permissive intervention is wholly discretionary. *S.D. ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). The principal consideration is whether the proposed intervention would unduly delay or prejudice the parties' rights. *Id*.

The Court will not permit Carter and the class to intervene in this matter. Carter seeks to intervene for the purpose of seeking a declaratory judgment that Allied World has a duty to defend and indemnify Ferguson. Allied World's complaint and Ferguson's answer present the exact issue. Allowing Carter to intervene to present the same argument presented by the parties does not promote judicial economy. *See Jiang v. Porter*, No. 4:15-CV-1008 CEJ, 2016 WL 4415352 at *3 (E.D. Mo. Aug. 19, 2016). "Permissive intervention [] would only serve to delay and unfairly prejudice the rights of the original parties." *Id*.

In *United Fire & Casualty Company v. Titan Contractors Service, Inc.*, the plaintiffs in the underlying action, which involved personal injuries allegedly suffered by Titan's negligence, sought to intervene in the declaratory judgment action to determine if United Fire had a contractual obligation to indemnify Titan in the underlying lawsuit. No. 4:10-CV-2076 CAS, 2014 WL 4851801 at *3 (E.D. Mo. Sept. 29, 2014). This Court held that the "virtual[]

nonexisten[ce]" of common factual questions and the presence of entirely different issues of law militated against intervention. *Id*. The Court found the fundamental problem with the motion to intervene was "movants seek to intervene to step into Titan's shoes and defend against its insurer, United Fire, not to assert their own claims or defenses." *Id*. The Court denied intervention. *Id*.

The Court faces the exact same situation in this case. Carter and the class do not assert their own claims or defenses but instead seek to intervene to step into the shoes of Ferguson and defend against Allied World. This will not promote the efficiency of the proceeding and it will prejudice the parties by introducing into this declaratory judgment action issues of the underlying lawsuit. For these reasons, the Court will not permit Carter and the class to intervene in this matter.

Allied World also argues the Court should deny the motion because Carter and the class do not have Article III standing to intervene in this matter. The Court will not address this argument because it can deny intervention on nonconstitutional grounds. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision.").

Accordingly,

**IT IS HEREBY ORDERED** that Movant Roelif Carter's Motion to Intervene under Rule 24(b) [37] is **DENIED**.

So Ordered this 8th day of August, 2019.

**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**