UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALLIED WORLD SPECIALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) Case No. 4:18CV000827 SRC |
| vs. | ) |
| | ) |
| THE CITY OF FERGUSON, | ) |
| MISSOURI, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Allied World Specialty Insurance Company's Motion to Dismiss Defendant's Counterclaim [33]. The Court grants the motion.

### I. BACKGROUND

On May 31, 2018, Plaintiff Allied World Specialty Insurance Company filed a complaint in this Court seeking a declaratory judgment that Allied World does not have a duty to defend or indemnify the City of Ferguson in the "Fee Refund Lawsuit" filed in the Circuit Court of St. Louis County. The plaintiffs in the Fee Refund Lawsuit allege Ferguson "charges a variety of illegal fees designed to profit the municipality at the expense of the general welfare." ECF No. 32, ¶ 12. In its answer to Allied World's complaint, Ferguson asserted a counterclaim for vexatious refusal to pay pursuant to Missouri Revised Statute § 375.420. In response, Allied World filed the pending motion to dismiss asserting Ferguson's counterclaim fails to state a claim upon which relief may be granted.

### II. STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a party to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a [pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the party's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

If a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, courts do not take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

In its motion to dismiss, Allied World argues Ferguson did not plead a claim for breach of contract, which is a necessary predicate to a claim for vexatious refusal to pay. Allied World also claims Ferguson cannot assert a claim for breach of contract, even if allowed to amend its

2

pleading. Additionally, Allied World asserts Ferguson's claim fails because a claim for vexatious refusal to pay is predicated on a first-party claim for insurance coverage, not a third-party claim at issue here. Lastly, Allied World contends Ferguson cannot assert a claim for bad faith failure to settle because Ferguson did not allege any damages, a demand for settlement, or facts as to Allied World's state of mind, all of which are necessary to establish a claim for bad faith failure to settle.

      A.      *Predicate Breach of Contract Claim*

Allied World argues Ferguson must plead a breach of contract claim along with a vexatious refusal to pay claim, that a vexatious refusal to pay claim cannot be a stand-alone claim. Missouri Revised Statute § 375.420 provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

This statute enhances a breach of contract claim; a plaintiff may recover what the contract provides, and "the enhancements provided by the statute." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. 2000). To establish a claim for vexatious refusal to pay, Ferguson must prove: (1) it has an insurance policy with Allied World; (2) Allied World refused to pay; and (3) Allied World's refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006); *see also D.R. Sherry Constr., Ltd. v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 907 (Mo. 2010).

To plead a claim for vexatious refusal to pay, a party must also plead a claim for breach of contract. The statute itself states, "in any action against any insurance company to recover the amount of any loss under a policy . . ." Mo. Rev. Stat. § 375.420; *see also Aziz v. Allstate Ins. Co.*, 875 F.3d 865, 869 (8th Cir. 2017) ("Under Missouri law, a vexatious refusal is a derivative of a breach-of-contract claim."); *Thomas Farms, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 1:18CV00196 AGF, 2019 WL 460503 at *3 (E.D. Mo. Feb. 6, 2019) ("[A] claim for vexatious refusal to pay is necessarily predicated on a breach of an insurance policy."). Ferguson did not assert a claim to recover the amount of a loss under its insurance policy; it did not assert a breach of contract claim.

Allied World argues, not only did Ferguson not plead a breach of contract, it cannot do so. According to Allied World, Ferguson cannot plead a breach of contract under the express terms of the policy. Allied World fails to explain what provisions of the insurance policy would prevent a breach of contract claim from being pleaded in this matter. The Court cannot determine whether this argument has any validity when the party asserting it does not provide any support for the argument. *TVI, Inc. v. Infosoft Tech., Inc.*, No. 4:06-CV-697 (JCH), 2007 WL 3312370 at *1 (Nov. 5, 2007) (citing *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016, 1021 (E.D. Mo. 2004) ("A party must provide the Court with citations to legal authority establishing the Court's authority to grant such a motion, or the standard to be applied . . .").

Ferguson asserts it alleged facts establishing a breach of contract. In Missouri, a breach of contract requires a plaintiff establish: (1) the existence and terms of a contract; (2) that plaintiff performed pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Nooter Corp. v. Allianz Underwriters Ins. Co.*, 536 S.W.3d 251, 294 (Mo. Ct. App. 2017). According to Ferguson, it alleged the policy requires Allied World to fully

4

defend and indemnify Ferguson; Ferguson tendered defense of the Fee Refund lawsuit to Allied World and Allied World agreed to provide a defense subject to a reservation of rights; despite repeated demands, Allied World refuses to settle the lawsuit within the policy limits; and this has caused damages and attorneys' fees.

These allegations cannot establish a breach of contract claim. Under these circumstances, Missouri does not recognize a breach of contract claim against an insurer for failure to settle.[1] *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins. Co.*, No. 4:15CV1171 CDP, 2016 WL 147096 at *2 (E.D. Mo. Jan. 13, 2016; *Purscell v. TICO Ins. Co.*, No. 2:12CV04039 NKL, 2012 WL 1934015 at *2 (W.D. Mo. May 29, 2012). When an insurer fails to settle, the action sounds in tort, not breach of contract. *Purscell*, 2012 WL 1934015 at *2. Ferguson did not allege facts to support a breach of contract claim. Without such a claim, Ferguson cannot establish a claim for vexatious refusal to pay and the Court must dismiss the counterclaim.

B.  *Applicability of § 375.420 to Third-Party Claims*

Allied World argues a vexatious refusal to pay claim cannot be asserted when the policy at issue is a third-party policy. The text of the statute belies this argument. A first-party policy protects an insured from its own losses, while a third-party policy "provides liability insurance that protects the insured from claims resulting from the losses of others." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 929 (8th Cir. 2017). Section 375.420 lists the types of insurance policies to which it applies: "automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine, or other insurance except automobile liability insurance." Mo. Rev. Stat. § 375.420. The statute applies to "any action" against "any insurance company" to recover the amount of "any loss under a

---

[1] The Court need not decide whether Missouri law would recognize such a claim under other circumstances.

policy." Mo. Rev. Stat. § 375.420. The statute only excepts "automobile liability insurance" policies. *Id*. Under the cannon of construction *expressio unius est exclusio alterius*, the Court cannot engraft onto the statute any other exceptions than the one the legislature expressly stated. *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) ("expressing one item of an associated group or series excludes another left unmentioned."). The statutory text does not contain a first-party-policies limitation. Further, the cases Allied World cites in support of this argument do not interpret the statute to apply to third-party policies.[2] The Court applies the statute as written and rejects Allied World's argument.

### C. Bad Faith Failure to Settle

Allied World asserts Ferguson did not properly allege a claim for bad faith failure to settle in its counterclaim. Allied World argues Ferguson did not allege any damages, an essential element of any action in tort, it did not allege a demand to settle the claims within policy limits, and it did not allege facts as to Allied World's state of mind.

To establish a claim for bad faith failure to settle against an insurer, an insured must show: (1) the insurer has assumed control over negotiation, settlement and legal proceedings brought against the insured; (2) the insured demanded the insurer settle the claim; (3) the insurer refused to settle the claim within the policy limits; and (4) in its refusal, the insurer acted in bad faith. *Bonner v. Automobile Club Inter-Insurance Exch.*, 899 S.W.2d 925, 928 (Mo. Ct. App. 1995); *see also Ganaway v. Shelter Mut. Ins. Co.*, 795 S.W.2d 554, 556 (Mo. Ct. App. 1990).

---

[2] *See Piatt v. Ind. Lumberman's Mut. Ins. Co.*, No. WD 76645, 2014 WL 2574614 (Mo. Ct. App. Jun. 10, 2014) (finding appellants failed to develop an argument as to the applicability of a vexatious refusal claim on third-party contracts in their brief and thus abandoned the issue on appeal); *Thomas Farms, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 1:18CV00196 AGF, 2019 WL 460503 at *3 (E.D. Mo. Feb. 6, 2019) (finding plaintiff, who was not the insured under the insurance policy, could not bring a vexatious refusal to pay claim); *Duncan v. Andrew Cty. Mut. Ins. Co.*, 665 S.W.2d 13, 19-20 (Mo. Ct. App. 1983) (discussing the applicability of § 375.420 to first-party claims but failing to state it does not apply to third-party liability claims); *Kriegel v. Fed. Ins. Co.*, 724 S.W.2d 620 (Mo. Ct. App. 1986); *Luechtefeld v. Unumprovident Corp.*, No. 4:06CV1241 HEA, 2006 WL 3257719 (E.D. Mo. Nov. 9, 2006).

Ferguson does not include in its counterclaim a count for bad faith failure to settle; however, Ferguson listed, in its recitation of allegations for its claim of vexatious refusal to pay, the elements of a claim for bad faith failure to settle. Ferguson did not allege any facts in support of a claim for bad faith failure to settle. The counterclaim did not include facts of any demand Ferguson made on Allied World or of Allied World's bad faith. Reciting the elements of a cause of action does not suffice to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Court finds Ferguson failed to state a claim for bad faith failure to settle.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Allied World Specialty Insurance Company's Motion to Dismiss Defendant's Counterclaim [33] is **GRANTED**. The City of Ferguson's counterclaim shall be dismissed, without prejudice. Plaintiff shall file an amended complaint within fourteen days of this order.

So Ordered this 27th day of August, 2019.

*SLR.CR*

---

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**